UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**UNITED COMPUTER CAPITAL CORPORATION
and UNITED RECOVERY SERVICES CO., a Division
of UNITED COMPUTER CAPITAL CORPORATION,**

         **Plaintiffs,**

    -v-               **5:02-CV-1431**

**RICHARD W. DAIDONE and SAINT ANDREWS
ASSOCIATES, LLC, a/k/a ST. ANDREWS ASSOCIATES,
EQUIPMENT LEASING ORGANIZATION, LLC,
EQUIPMENT LEASING ORGANIZATION, INC., JASON
GRUNBERG, NORMAN GRUNBERG, and LANSE NATSCH,**

         **Defendants.**

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

HANCOCK & ESTABROOK, LLP
John Powers, Esq., of counsel
Michael J. Sciotti, Esq., of counsel
Lindsey Helmer Hazelton, Esq., of counsel
1500 MONY Tower I, P.O. Box 4976
Syracuse, New York 13221-4976
Attorneys for Plaintiffs

MENTER, RUDIN & TRIVELPIECE, P.C.
Mitchell J. Katz, of Counsel
Julian B. Modesti, of Counsel
500 South Salina Street, Suuite 500
Syracuse, New York 13202-3300
Attorneys for Defendants Richard W. Daidone and
Saint Andrews Associates, LLC

HODGSON RUSS, LLP
Daniel C. Oliverio, Esq., of counsel
Kevin D. Szczepanski, Esq., of counsel
One M & T Plaza, Suite 2000
Buffalo, New York 14203
Attorneys for Defendants Equipment Leasing Organization, LLC,
Equipment Leasing Organization, Inc, Jason Grunberg,
and Norman Grunberg

KEANE & BEANE, P.C.
Eric Gordon, Esq., of counsel
One North Broadway, Suite 700
White Plains, New York 10601
and

GREEN & SEIFTER ATTORNEYS PLLC
Daniel J. French, Esq., of counsel
Dafni S. Kiritsis, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202
Attorneys for Lanse Natsch

**Hon. Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

Presently before the Court is a motion by defendants Equipment Leasing Organization, LLC, Equipment Leasing Organization, Inc., and Norman Grunberg seeking reconsideration of so much of this Court's order of March 7, 2005, as denies dismissal of plaintiffs' claims in the amended complaint based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Movants assert that this Court erroneously rejected their contention that the RICO claims fail to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 790 (1981). Local Rule 7.1 (g) implements this power. A motion for reconsideration is not an opportunity to reargue that which was previously decided. *See, e.g., American Civil Liberties Union v. Department of Defense*, --- F.Supp.2d ----, 2005 WL 2842071 (S.D.N.Y. 2005).

Movants concede that they failed to make their motion to reconsider within 10 business

days under Local Rule 7.1(g).  In any event, the motion lacks merit.  In its Memorandum-Decision and Order of March 7, 2005, this Court expressly discussed and decided the very issue which movants now raise.  Movants make no showing of an intervening change in controlling law or the availability of previously unavailable evidence.  Rather, they contend that there is a need to correct a clear error of law and prevent manifest injustice.  This contention is based on their disagreement with this Court's ruling.  Such is not a proper basis for reconsideration; moreover, the Court continues to view the previous ruling as correct.

It is therefore

ORDERED that the motion (Dkt. No. 106) by defendants Equipment Leasing Organization, LLC, Equipment Leasing Organization, Inc., and Norman Grunberg for reconsideration is denied.

IT IS SO ORDERED.

November 22, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge